**EVERETT W. JACK, JR.,** OSB #892684
everettjack@dwt.com
**AARON K. STUCKEY,** OSB #954322
aaronstuckey@dwt.com
**KALEY L. FENDALL**, OSB #093509
kaleyfendall@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
Telephone: (503) 241-2300
Facsimile: (503) 778-5299

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

AT PORTLAND

| | |
|---|---|
| PACIFIC OFFICE AUTOMATION, INC., an Oregon corporation,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL TRACY, and NORTHWEST IMAGING ANALYSTS LLC, an Oregon limited liability company,<br><br>Defendant. | Case No. 3:17-cv-01484<br><br>**COMPLAINT**<br><br>**False Designation of Origin (15 U.S.C. § 1125(a)(A)); False Advertising (15 U.S. C. § 1125 (a)(B)); Common Law Unfair Competition; and Injunctive Relief**<br><br>**JURY TRIAL DEMANDED** |

For its Complaint against Defendants Daniel Tracy and Northwest Imaging Analysts LLC, Plaintiff Pacific Office Automation, Inc. alleges as follows:

**THE PARTIES**

1. Plaintiff Pacific Office Automation, Inc. ("POA") is an Oregon corporation, with its principal place of business located in Beaverton, Oregon.

2. On information and belief, Defendant Daniel Tracy ("Tracy") is an individual residing in the State of Oregon.

3. On information and belief, Defendant Northwest Imaging Analysts LLC ("Northwest Imaging") is a limited liability company organized under the laws of Oregon, with its principal place of business located in Lake Oswego, Oregon. On further information and belief, Defendant Tracy is owner and principal of Defendant Northwest Imaging (collectively, "Defendants").

**JURISDICTION AND VENUE**

4. This is an action for false designation of origin and false advertising arising under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, and for unfair competition under the laws of the State of Oregon.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 because it arises under the Lanham Act, 15 U.S.C. §§ 1051, *et seq*. Jurisdiction over the Oregon common-law claim is also appropriate, as this claim is so related to the claims brought under the Lanham Act that it forms part of the same case and controversy, and hence falls within the scope of this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the District of Oregon pursuant to 28 U.S.C. § 1391(b) because Defendants are both residents of the State of Oregon, and a substantial part of the events giving rise to these claims occurred in this District.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

7. POA is one of the leading office equipment and management solutions companies in the U.S., offering state-of-the-art technology and award-winning customer service. POA provides office technology products and related services, including hardware, software, and supplies, as well as both maintenance and consulting services for document imaging, document output, and digital storage. POA provides its office and document management solutions to customers in a wide range of industries, including customers in legal, education, healthcare,


DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

government, and non-profit organizations. POA has approximately 25 offices throughout Oregon, Washington, California, Arizona, New Mexico, Utah, and Colorado.

8. Tracy was previously employed by POA from approximately 2002 to 2010, initially as a sales representative and later as a field sales manager.

9. Immediately upon Tracy's departure from his employment with POA, Tracy and his spouse (Megan Tracy, who was also previously employed by POA) formed Northwest Imaging, an office technology solutions company, which purports to provide office technology systems, managed print services, and document management services in direct competition with POA in Oregon, Washington, and California.

10. Since Tracy's departure from POA, he and Northwest Imaging have engaged in wrongful conduct to unfairly compete with POA.

11. As part of this wrongful conduct, Tracy and Northwest Imaging have made several false and/or misleading representations regarding Northwest Imaging's business relationships and/or affiliation with certain office equipment manufacturers and suppliers for which POA serves as an authorized dealer. Defendants' false and/or misleading statements and representations include, but are not necessarily limited to:

a. Defendants' representations or statements in sales negotiations and/or other discussions with current or former customers of POA regarding their existing relationships and/or affiliation with certain equipment manufacturers, or their authorization to sell or service products by such manufacturers, when, on information and belief, Defendants are not authorized to sell or service products from such manufacturers;

b. Defendants' statement that Northwest Imaging "partner[s] with leading manufacturers," including but not limited to Canon, Konica Minolta, Lexmark, and Sharp, when, on information and belief, Defendants are not authorized by the manufacturers to sell or service products from these manufacturers;



DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

c. Defendants' identification of several "manufacturers and developers" as Northwest Imaging's "Powerful Partners" and "Partners in Office Technology," when, on information and belief, Defendants are not authorized by the manufacturers and developers to sell or service products from the manufacturers identified; and

d. Defendants' use of certain manufacturers' trade names and trademarks when, on information and belief, Defendants are not authorized by the manufacturers to use their trade names or trademarks to promote their services, or to sell or service products from the manufacturers.

12. Defendants' false and/or misleading statements regarding their existing business relationships and/or affiliation with certain manufacturers, which imply that Defendants are authorized by the identified manufacturers to sell or service the manufacturers' products, are made for the purpose of misleading customers and potential customers into believing that Defendants have business relationships and/or affiliations with manufacturers that they do not in fact have, so that customers will enter into contractual relationships with Defendants instead of POA, which is an actual authorized dealer of such manufacturers' products.

13. As a result of Defendants' false and/or misleading statements as to their existing partnership, affiliation, or business relationships with certain office equipment manufacturers, POA has lost existing customer relationships to Defendants due to POA's customers being misled and/or confused as to Defendants' status as an authorized dealer of a certain manufacturer's products when Defendants are not, in fact, authorized to sell or service products from such manufacturer.

14. Due to Defendants' false and/or misleading statements regarding its status as a partner or affiliate of certain manufacturers, customers and potential customers are likely to be misled and/or confused as to Defendants' affiliation, association, or partnership with such manufacturers. As a result, POA has been and will continue to be injured by Defendants' false and/or misleading statements, including by a direct diversion of sales from POA to Defendants,



DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

future lost sales, and a lessening of valuable goodwill and reputation associated with POA's business.

**FIRST CLAIM FOR RELIEF**

**(False Designation of Origin – Lanham Act – 15 U.S.C. § 1125(a)(A))**

15. POA realleges and incorporates by reference the allegations contained in Paragraphs 1 through 14 above.

16. Defendants' false and/or misleading representations regarding their business relationships and/or affiliation with certain office equipment manufacturers, which infer and imply to the general public that Defendants are authorized to sell and service such manufacturer's products, are likely to cause confusion or mistake, or to deceive customers and potential customers as to an affiliation, connection, or association between Defendants and such manufacturers when no such affiliation, connection, or association exists.

17. As a result of Defendants' false and/or misleading representations regarding an affiliation, association, or connection with certain office equipment manufacturers, POA has been and is likely to be further injured, including by a direct diversion of sales from POA to Defendants, future lost sales, and a lessening of valuable goodwill and reputation associated with POA's business.

18. Defendants' false and/or misleading representations regarding an affiliation, association, or connection with certain office equipment manufacturers are both knowing and intentional, and thus Defendants' actions constitute exceptional, willful, and deliberate conduct, entitling POA to its reasonable attorneys' fees and costs incurred in connection with this lawsuit pursuant to 15 U.S.C. § 1117.

**SECOND CLAIM FOR RELIEF**

**(False Advertising – Lanham Act – 15 U.S.C. § 1125(a)(B))**

19. POA realleges and incorporates by reference the allegations contained in Paragraphs 1 through 14 above.


DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

20. Defendants' false and/or misleading statements regarding their business relationships and/or affiliation with certain office equipment manufacturers improperly imply that Defendants are authorized to sell and service such manufacturers' products when Defendants are not, in fact, authorized to do so.

21. Defendants' false and/or misleading statements regarding their business relationships and/or affiliation with certain office equipment manufacturers have already deceived, and are likely to further deceive, customers or potential customers into believing that Defendants are authorized to sell and service such manufacturers' products when Defendants are not, in fact, authorized to do so.

22. Defendants' false and/or misleading statements regarding their business relationships and/or affiliation with certain office equipment manufacturers are material to customers or potential customers seeking to purchase office equipment, document management systems, and related services and technology, and are therefore likely to influence a customer or potential customer's decision in entering into a contractual relationship with Defendants, as such customers rely on an office equipment company's authorized dealer status for ease of maintenance, service, and other operating issues.

23. Defendants have made false and/or misleading statements regarding their business relationships and/or affiliation with certain office equipment manufacturers in commercial competition with POA, and for the purpose of improperly drawing customers and potential customers to enter into contractual relationships with Defendants instead of POA.

24. As a result of Defendants' false and/or misleading statements regarding their business relationships and/or affiliation with certain office equipment manufacturers, POA has and is likely to continue to suffer injury, including lost sales, lost business opportunities, and damage to its goodwill and reputation, entitling POA to damages in an amount to be determined at trial.



DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

25. Defendants knew or should have known that their false and/or misleading statements regarding their business relationships and/or affiliation with certain office equipment manufacturers constitute false or misleading statements of fact, and thus Defendants' false or misleading statements constitute exceptional, willful, and deliberate conduct, entitling POA to its reasonable attorneys' fees and costs incurred in connection with this lawsuit pursuant to 15 U.S.C. § 1117.

**THIRD CLAIM FOR RELIEF**

**(Common Law Unfair Competition)**

26. POA realleges and incorporates by reference the allegations contained in Paragraphs 1 through 14 above.

27. Defendants have knowingly performed acts to unfairly compete with POA, including by making false and/or misleading representations regarding their business relationships and/or affiliation with certain office equipment manufacturers.

28. Defendants have made such false and/or misleading representations regarding their business relationships and/or affiliation with certain office equipment manufacturers to deceive customers or potential customers into believing that Defendants are authorized to sell and service such manufacturers' products, so that such customers will enter into contractual relationships with Defendants instead of POA, who is an actual appointed and authorized dealer of such products.

29. Defendants have therefore made false and/or misleading representations regarding their business relationships and/or affiliation with certain office equipment manufacturers to improperly divert customers and potential customers from POA to Defendants.

30. As a result of Defendants' false and/or misleading representations regarding their business relationships and/or affiliation with certain office equipment manufacturers, POA has and is likely to continue to suffer injury, including by a direct diversion of sales from POA to



DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Defendants, future lost sales, and a lessening of goodwill or reputation associated with POA's business, entitling POA to damages in an amount to be determined at trial.

**FOURTH CLAIM FOR RELIEF**

**(Injunctive Relief to Enjoin Wrongful Conduct)**

31. POA realleges and incorporates by reference the allegations contained in Paragraphs 1 through 30 above.

32. Because monetary damages cannot adequately and fully compensate POA for Defendants' violations of 15 U.S.C. § 1125(a)(A) and 15 U.S.C. § 1125(a)(B), as well as their unfair competition in violation of Oregon common-law, POA has no adequate remedy at law. If Defendants' wrongful conduct is not enjoined, the public at large will continue to be confused, deceived and/or misled concerning Defendants' business relationships and/or affiliation with certain equipment manufacturers, causing POA to suffer irreparable harm and injury.

33. As a result, this Court should enjoin Defendants from engaging in the wrongful conduct alleged herein, including but not limited to making false and/or misleading representations or statements regarding their business relationships and/or affiliation with certain equipment manufacturers, or their authorization to service or sell the products of such manufacturers, when Defendants have no such business relationships and/or affiliation with the manufacturers, or no such authorization to sell or service the manufacturers' products.

**PRAYER FOR RELIEF**

WHEREFORE, POA prays for relief as follows:

A. On POA's First Claim for Relief, for a judgment in POA's favor and against Defendants for monetary damages in an amount to be proven at trial, but of at least $180,000.00;

B. On POA's Second Claim for Relief, for a judgment in POA's favor and against Defendants for monetary damages in an amount to be proven at trial, but of at least $180,000.00;

C. On POA's Third Claim for Relief, for a judgment in POA's favor and against Defendants for monetary damages in an amount to be proven at trial, but of at least $180,000.00;



DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

D. On POA's Fourth Claim for Relief, for an order permanently enjoining and restraining Defendants from: (a) making false and/or misleading representations regarding their business relationships and/or affiliation with certain office equipment manufacturers that they do not have; or (b) making any other statement or representation is calculated to confuse, mislead, or deceive customers, potential customers, or the general public into believing that Defendants are authorized to sell and service products by office equipment manufacturers for which they are not so authorized;

E. For POA's costs of suit, including reasonable attorneys' fees and expert witness fees; and

F. For such other and further relief as this Court deems just and equitable.

DATED this 20th day of September, 2017.

**DAVIS WRIGHT TREMAINE LLP**

By s/ Kaley L. Fendall
Everett W. Jack, Jr., OSB #892684
everettjack@dwt.com
Aaron K. Stuckey, OSB #954322
aaronstuckey@dwt.com
Kaley L. Fendall, OSB #093509
kaleyfendall@dwt.com
Telephone: (503) 241-2300
Facsimile: (503) 778-5299

Attorneys for Plaintiff



DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax