IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PACIFIC OFFICE AUTOMATION, INC., an Oregon corporation,

    Plaintiff,

  v.

DANIEL TRACY, and NORTHWEST IMAGING ANALYSTS LLC, an Oregon limited liability company,

    Defendants.

No. 3:17-cv-01484-HZ

OPINION & ORDER

Everett W. Jack, Jr.
Aaron K. Stuckey
Kaley L. Fendall
Davis Wright Tremaine LLP
1300 SW Fifth Ave., Suite 2400
Portland, Oregon 97201

    Attorneys for Plaintiff

OPINION & ORDER - 1

Phil J. Nelson
Keith A. Pitt
Slinde Nelson Stanford
111 SW Fifth Ave., Suite 1940
Portland, Oregon 97204

    Attorneys for Defendants

HERNÁNDEZ, District Judge:

    Defendants Daniel Tracy and Northwest Imaging Analysts LLC ("NIA") move to dismiss Plaintiff Pacific Office Automation, Inc.'s ("POA") Amended Complaint. *See* Mot. to Dismiss, ECF 15. Plaintiff brings claims for false designation of origin and false advertising under the Lanham Act, 15 U.S.C. § 1125(a). The Court finds that Plaintiff has sufficiently alleged its Lanham Act claims. Accordingly, the Motion [15] is denied.

## BACKGROUND

    POA is an office equipment and management solutions company that provides office technology products and related services to a variety of customers. Am. Compl. ¶ 7, ECF 14. POA is an authorized dealer for several office equipment manufacturers, including Canon, HP, Konica Minolta, Lexmark, Ricoh, and Sharp. *Id.* at ¶ 8. NIA was founded by Tracy and his wife Megan Tracy, both of whom were former POA employees. *Id.* NIA is not an authorized dealer of manufacturers' office equipment; rather, it claims that it is a broker that partners with some of the manufacturers listed above to provide office equipment and services to customers. *Id.* at Ex. 2. NIA seeks to sell and service office equipment and provide print and document services in direct competition with POA in Oregon, Washington, and California. *Id.* at ¶ 8.

    Plaintiff alleges that, by at least March 2017, Defendants intentionally confused, mislead, and/or deceived customers and potential customers into believing that NIA was also an authorized dealer of office products from the manufacturers for which POA is an authorized

dealer. *Id.* at ¶ 10. Particularly, Plaintiff alleges that Defendants "have made false and/or misleading statements in the advertising, promotion, or sale of products and services" regarding its affiliation with certain office equipment manufacturers "which are intended to create the false impression that [NIA] is authorized to sell and service equipment from such manufacturers when it is not so authorized." *Id.* at ¶ 11. Defendants allegedly used manufacturers' trade names and trademarks on NIA's websites and other promotion materials in addition to making false and misleading representations to current and former POA customers. *Id.*

The Court previously granted Defendants' motion to dismiss Plaintiff's original complaint and granted Plaintiff leave to amend. *See* Feb. 10, 2018, Op. & Order, ECF 13. Plaintiff's Lanham Act claims were dismissed for failure to satisfy the particularity requirement of Rule 9(b) of the Federal Rules of Civil Procedure. *Id.* at 7. Plaintiff reasserted its Lanham Act claims in its Amended Complaint which Defendants now move to dismiss for failure to state a claim under Rule 12(b)(6).

## STANDARDS

On a motion to dismiss, the court must review the sufficiency of the complaint. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A complaint is construed in favor of the plaintiff, and its factual allegations are taken as true. *Daniels–Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). "[F]or a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[O]nce a claim has been

stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). The court, however, need "not assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Id.* "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . ." *Id.* at 555.

## DISCUSSION

Plaintiff's Amended Complaint asserts two Lanham Act claims. First, Plaintiff alleges false designation of origin, claiming that Defendants' have made false and/or misleading representations to customers regarding Defendants' association with certain manufacturers. As a result, NIA has allegedly diverted customers from POA and damaged POA's goodwill and reputation. Second, Plaintiff alleges a false advertising claim based on the same course of conduct. Defendants move to dismiss Plaintiff's false designation of origin claim, arguing that there are no allegations, nor can there be, that Defendants ever represented themselves as authorized dealers. Likewise, Defendants move to dismiss the false advertising claim because Plaintiff cannot show that Defendants ever made any statement that was literally false or likely to mislead or confuse customers.

As a threshold matter, Plaintiff argues that Defendants' Motion is precluded by Rule 12(g)(2) because Defendants should have raised their failure to state a claim argument in the first motion to dismiss. *See* Fed. R. Civ. P. 12(g)(2) ("[A] party that makes a motion under [Rule 12] must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."). In the Motion currently before the Court, Defendants argue that they only represented themselves as "partners" with certain manufacturers

as opposed to authorized dealers. Plaintiff argues that this defense was available to Defendants from the outset and should have been asserted in the first Rule 12 motion.

The Court declines Plaintiff's invitation to deny Defendants' Motion under Rule 12(g)(2). Plaintiff's Lanham Act claims alleged in its original complaint were dismissed for lack of particularity. Plaintiff's Amended Complaint remedied that deficiency by including more detailed allegations. While the term "partner" may have been alleged throughout the original complaint, Plaintiff's Lanham Act claims failed to articulate the particular circumstances constituting the alleged fraud. In other words, Defendants could not have raised the failure to state a claim argument that they now assert based on Plaintiff's original allegations. Defendants' second Motion to Dismiss specifically incorporated Plaintiff's amended allegations. Therefore, Defendants' Motion is not precluded by Rule 12(g)(2).

## I. False Designation of Origin

To state a claim for false designation of origin under the Lanham Act, a plaintiff must allege that:

> (1) defendant uses a designation (any word, term, name, device, or any combination thereof) or false designation of origin; (2) the use was in interstate commerce; (3) the use was in connection with goods or services; (4) the designation or false designation is likely to cause confusion, mistake, or deception as to (a) the affiliation, connection, or association of defendant with another person, or (b) as to the origin, sponsorship, or approval of defendant's goods, services, or commercial activities by another person; and (5) plaintiff has been or is likely to be damaged by these acts.

*Summit Tech., Inc. v. High-Line Med. Instruments*, Co., 933 F. Supp. 918, 928 (C.D. Cal. 1996) (parsing the requirements of 15 U.S.C. § 1125(a)(1)(A) into distinct elements). "The test for likelihood of confusion is whether a 'reasonably prudent consumer' in the marketplace is likely

to be confused as to the origin of the good or service." *Dreamwerks Prod. Grp., Inc. v. SKG Studio*, 142 F.3d 1127, 1129 (9th Cir. 1998).

Defendants challenge the fourth element of Plaintiff's false designation claim, arguing that their statements regarding NIA's "partnerships" with manufacturers are not false or misleading and there are no allegations that Defendants represented themselves as authorized dealers. Defendants argue that NIA "is not a 'dealer' but, rather, a broker or intermediary with a wholly *new*, *disruptive* model of doing business." Mot. to Dismiss 14. NIA's role as a "broker or intermediary" is to "connect[] customers with certain manufacturers' products and services, through these manufacturers' *own* direct sales and servicing divisions, and through these manufacturers' established authorized dealer channels in a marketplace[.]" *Id.* at 15. NIA casts itself as an industry "disruptor" and argues that Plaintiff improperly seeks to regain its lost market share and stifle Defendants' business through an improper application of the Lanham Act.

The Court is unpersuaded by this argument. When accepting the allegations in the complaint as true and construing all reasonable inferences in Plaintiff's favor, the Court finds that Plaintiff has plausibly alleged its false designation of origin claim. Plaintiff alleges that Defendants intentionally mislead current and former POA customers into believing that NIA was an authorized dealer and servicer of certain manufacturers' office equipment, when it was not. For example, in March 2017, NIA's representative Megan Tracy allegedly made oral representations to DoubleTree Hilton—a former POA customer— stating that NIA had the authority and ability to sell and service Kinoca Minolta equipment and that NIA would provide DoubleTree Hilton with a "Konica Minolta promotion." Am. Compl. ¶ 14(a). Based on that type of allegedly false representation, certain customers, including DoubleTree Hilton, entered into

contracts with NIA instead of renewing their contracts with POA. *See* Am. Compl. ¶ 14–17. Moreover, Defendants argue that its use of the term "partnership" on its website and in other promotions does not give rise to the reasonable inference that NIA is misrepresenting that it is an authorized dealer. At this stage, however, Plaintiff rather than Defendants is entitled to reasonable inferences drawn from the allegations.

Based on the allegations, it is reasonable to infer that Defendants intentionally misrepresented their association with certain manufacturers to customers. In turn, those customers allegedly believed that NIA was an authorized dealer and servicer of certain manufacturers' office equipment. Whether Defendants' representations likely confused customers as to whether NIA or the manufacturers themselves were selling and servicing office equipment is a question of fact not suitable for disposition on a motion to dismiss. *See Multi Time Mach., Inc. v. Amazon.com, Inc.*, 804 F.3d 930, 939 (9th Cir. 2015) ("The likelihood of confusion is often a question of fact, but not always."); *Stop Staring! Designs v. Tatyana, LLC*, No. CV 09-2014 DSF(AJW), 2009 WL 10655208 at *2 (C.D. Cal. June 9, 2009) (recognizing that the issue of likelihood of confusion is a "question[] of fact that [is] not generally amenable to a motion to dismiss"); *Fuel Clothing Co. v. Safari Shirt Co.*, No. CV05-1220-HU, 2006 WL 3751237, at *3 (D. Or. Dec. 18, 2006) (same) (citing *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1264 (9th Cir. 2001)). Accordingly, Defendants' motion to dismiss this claim is denied.

## II.  False Advertising

Next, Defendants move to dismiss Plaintiff's false advertising claim brought under the Lanham Act. False advertisement claims require the following:

> (1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement

> actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a lessening of the goodwill associated with its products.

*Skydive Arizona, Inc. v. Quattrocchi*, 673 F.3d 1105, 1110 (9th Cir. 2012) (citing 15 U.S.C. § 1125(a)(1)(B) and *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997)). "To demonstrate falsity within the meaning of the Lanham Act, a plaintiff may show that the statement was literally false, either on its face or by necessary implication, or that the statement was literally true but likely to mislead or confuse consumers." *Southland*, 108 F.3d at 1139.

Defendants argue that Plaintiff cannot establish the requisite falsity. First, Plaintiff has not alleged that any advertisement was literally false on its face. Defendants point out that all of NIA's advertisements identified in the Amended Complaint state that NIA "partners" with certain office equipment manufacturers, not that it is an authorized dealer. Second, Defendants argue that Plaintiff has not alleged that any advisement was literally false by necessary implication. The only inference that could be drawn from the term "partner," according to Defendants, is that there "is some type of business relationship among persons/entities." *See* Def.'s Reply 13, ECF 17. The Court disagrees. A reasonable inference properly drawn in Plaintiff's favor would be that "partners" implies that NIA is an authorized dealer and servicer of products for those manufacturers.

Third, Defendants argue that Plaintiff cannot show that even if the advertisements are literally true, they mislead or confuse customers. "Even if an advertisement is not literally false,

relief is available under Lanham Act § 43(a) if it can be shown that the advertisement has misled, confused, or deceived the consuming public." *Southland*, 108 F.3d at 1140 (citations omitted). Defendants argue that because NIA is fulfilling contracts with customers, it cannot be misleading them as to its relationship with certain manufacturers. Def.'s Mot. to Dismiss 17. As alleged in the Amended Complaint, however, customers have entered into contracts because they were misled by NIA's advertisements into believing that it was an authorized dealer and servicer of certain manufacturers' office equipment. Am. Compl. ¶¶ 14–15, 24–28. Further, Plaintiff alleges that Defendants have misled customers through the unauthorized use of manufacturers' trademarks in NIA's advertisements. *Id.* at ¶ 13. Based on the foregoing, Plaintiff argues that customers have been led to believe that NIA "has received training, certification, or is otherwise endorsed in some way by such manufacturers." Pl.'s Resp. 12.

In any event, whether Defendants' statements are literally false or are likely to mislead or confuse consumers are factual questions that typically cannot be properly disposed of at this stage. *PhotoMedex, Inc. v. Irwin*, 601 F.3d 919, 931 (9th Cir. 2010); *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938–39 (9th Cir. 2008). The Court, therefore, finds that Plaintiff has plausibly alleged "falsity" within the meaning of the Lanham Act sufficient to sustain Plaintiff's false advertising claim.

## CONCLUSION

Defendants' Motion to Dismiss [15] is DENIED.

Dated this 21 day of June, 2018.

*Marco Hernández*
MARCO A. HERNÁNDEZ
United States District Judge

OPINION & ORDER - 9