IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

PACIFIC OFFICE AUTOMATION, INC., an Oregon corporation,

    Plaintiff,

v.

DANIEL TRACY, and NORTHWEST IMAGING ANALYSTS LLC, an Oregon limited liability company,

    Defendants.

No. 3:17-cv-01484-HZ

OPINION & ORDER

//

//

//

OPINION & ORDER - 1

Everett W. Jack, Jr.
Aaron K. Stuckey
Kaley L. Fendall
Davis Wright Tremaine LLP
1300 SW Fifth Ave., Suite 2400
Portland, Oregon 97201

      Attorneys for Plaintiff

Phil J. Nelson
Keith A. Pitt
Slinde Nelson Stanford
111 SW Fifth Ave., Suite 1940
Portland, Oregon 97204

      Attorneys for Defendants

HERNÁNDEZ, District Judge:

Plaintiff Pacific Office Automation, Inc. ("POA") brings claims against Defendants Daniel Tracy and Northwest Imaging Analysts LLC ("NWIA") for false designation of origin and false advertising under the Lanham Act, 15 U.S.C. § 1125(a). Defendants bring counterclaims against Plaintiff for trade libel, tortious interference with contractual relationships, and sham litigation. Plaintiff moves to dismiss Defendants' third counterclaim for sham litigation. Plaintiff's Motion to Dismiss [26] is granted.

## BACKGROUND

POA is an office equipment and management solutions company that provides office technology products and related services to a variety of customers. First Am. Compl. ¶ 7, ECF 14. Tracy and his wife, Megan Tracy, are former employees of POA. *Id.* at ¶ 9. Tracy left POA and formed NWIA with his wife. *Id.* NWIA directly competes with POA in Oregon, Washington, and California. *Id.* Plaintiff alleges that Defendants intentionally misled customers into falsely believing that NWIA had businesses relationships or affiliations with certain office manufacturers in order to divert customers from POA. *Id.* at ¶ 10. Specifically, Plaintiff alleges

that Defendants made false and/or misleading statements on their website; used manufacturers' trade names and trademarks on their website and in other marketing or promotional materials; and made false representations about being authorized to sell and service certain products to current and former POA customers. *Id.* at ¶ 11.

On July 10, 2018, Defendants answered Plaintiff's First Amended Complaint and counterclaimed with allegations of trade libel, tortious interference with contractual relationships, and sham litigation. Answer ¶¶ 38–45, ECF 23. Defendants allege Plaintiff has "disseminat[ed] various false, misleading and disparaging statements regarding NWIA's business, its practices and its principals," in an attempt to interfere with existing and prospective business relationships. *Id.* at ¶¶ 30–31. Additionally, Defendants allege that Plaintiff brings this lawsuit, knowing it is baseless, as part of an anticompetitive plan to interfere with Defendants' business relationships and activities. *Id.* at ¶ 44.

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). A complaint is construed in favor of the non-moving party, and its factual allegations are taken as true. *Daniels–Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). "[F]or a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted). In short, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). The court, however, need "not assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Twombly*, 550 U.S. at 555.

## DISCUSSION

Plaintiff moves to dismiss Defendants' third counterclaim for sham litigation. Plaintiff argues that sham litigation is not a cognizable claim for relief under federal or state law. In response, Defendants argue the claim is governed by federal law, yet fail to cite a single case to support their position that sham litigation may operate as a stand-alone claim. The Court also finds no cases to support this position. Defendants' third counterclaim is therefore dismissed with prejudice.

Defendants also request permission to re-plead this counterclaim "with additional allegations of antitrust conduct and/or liability, including possible claims under the Sherman Act." Defs.' Resp. at 8. Without further information as to what claim, specifically, Defendants intend to plead, and what allegations support that claim, the Court cannot properly assess the viability of this request. The Court therefore declines to grant leave to amend at this point. Defendants may, however, file a motion to amend their answer.

## CONCLUSION

Defendants' third counterclaim for relief is dismissed with prejudice and without leave to amend.

Dated this 5 day of Nov, 2018.

_____
MARCO A. HERNÁNDEZ
United States District Judge